

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00331-CR

**OSCAR REVELES CARRETE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 13th District Court
Navarro County, Texas
Trial Court No. D41468-CR**

## MEMORANDUM OPINION

In an open plea to the court, Oscar Reveles Carrete pled guilty to one count of Manufacture or Delivery of a Controlled Substance, four grams or more but less than 200 grams (Count One) and Possession of a Controlled Substance, one gram or less (Count Two). Because the trial court erred in ordering the sentences for Count One and Count Two to run consecutively, we reform the trial court's judgments in each count to reflect that the sentences run concurrently.

**BACKGROUND**

Carrete's house was searched, pursuant to a warrant, and officers found six grams

of methamphetamine and one gram of cocaine.  Carrete pled guilty without the benefit of a plea bargain and, after the preparation of a pre-sentence investigation report, was sentenced to 11 years in prison in Count One and two years in a State Jail facility in Count Two.  The trial court ordered the sentences to run consecutively.

**MERITS BRIEF**

Carrete's appointed counsel initially filed a motion to withdraw and an *Anders* brief in support of the motion.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  When the State observed and briefed an error in the order stacking the sentences, appointed counsel agreed and proposed this issue for our review.

Although this issue is presented in the context of an *Anders* brief, we consider the brief as a brief on the merits and address the alleged error.  *See Vaughn v. State*, Nos. 10-17-00275-CR & 10-17-00276-CR, 2018 Tex. App. LEXIS 1888, **2-3 (Tex. App.—Waco Mar. 14, 2018, no pet.) (not designated for publication); *Hines v. State*, Nos. 10-13-00286-CR, 10-13-00292-CR, 2014 Tex. App. LEXIS 5768, at *4 (Tex. App.—Waco May 29, 2014, pet. ref'd) (not designated for publication).  *See also Cummins v. State*, 646 S.W.3d 605, 614, 618-19, n.10 (Tex. App.—Waco 2022, pet. ref'd).

**ANALYSIS**

Texas Penal Code section 3.03(a) expressly states that when a defendant is found guilty of multiple offenses arising out of the same criminal episode prosecuted in a single criminal action, the sentences for each offense "shall" run concurrently.  TEX. PENAL CODE § 3.03(a).  In this case, Carrete was found guilty of both Count One and Count Two in the same proceeding, and, according to the record, both offenses arose out of the same

criminal episode. Therefore, we agree with the parties that the trial court should have ordered the sentences for both counts to run concurrently, in accordance with Section 3.03(a)[1]. Carrete's issue is sustained.

**CONCLUSION**

An improper cumulation order may be remedied by reformation on appeal. *Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017). Accordingly, the trial court's Judgment of Conviction by Court—Waiver of Jury Trial, Count One, signed on September 8, 2023 is reformed to reflect on page 1 that "This Sentence Shall Run: Concurrently (see below)[,]" and the special finding or order on page 3 of the same judgment is reformed to reflect, "This will run concurrently with Count Two and concurrently with D39513-CR." Further, the trial court's Judgment of Conviction by Court—Waiver of Jury Trial, Count Two, signed on September 8, 2023, is reformed to reflect on page 1 that "This Sentence Shall Run Concurrently (see below)[,]" and the special finding or order on page 3 of the same judgment is reformed to reflect, "This count to begin at the same time as Count One."

As reformed, the trial court's Judgment of Conviction by Court—Waiver of Jury Trial, Count One, signed on September 8, 2023 and Judgment of Conviction by Court—Waiver of Jury Trial, Count Two, signed on September 8, 2023 are affirmed as reformed.

Counsel's motion to withdraw from representation of Carrete is dismissed as moot. *See Cummins v. State*, 646 S.W.3d 605, 618 (Tex. App.—Waco 2022, pet. ref'd) ("when appointed counsel files a motion to withdraw with a merits brief or when counsel

---

[1] Subsection (a) provides for some exceptions to this "rule," but none apply in this case.

has filed an *Anders* brief that is not really an *Anders* brief, but rather a merits brief, we have dismissed appointed counsel's motion to withdraw as moot.”).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed as reformed
Motion dismissed
Opinion delivered and filed June 20, 2024
Do not publish
[CR25]

